UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TEDRA HANKS, individually
and on behalf of all others
similarly situated,

        Plaintiffs,

v.                      Civil Action No. 2:19cv428

SHAFER LAW FIRM, PC
and
JOHN DOES 1-25,

        Defendants.

## REPORT AND RECOMMENDATION

In this purported class action, Plaintiff Tedra Hanks ("Plaintiff" or "Hanks") claims the language in a collection letter sent by the Defendant Shafer Law Firm, PC, (the "Shafer Firm") violates the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 1.) The Shafer Firm has moved to dismiss, arguing the Complaint fails to plausibly allege a false and misleading statement in the letter, and that the allegedly misleading statement Hanks identified does not – as she claims – "overshadow" the statutorily required notice of her ability to dispute the debt. (ECF No. 8.) As set forth in more detail below, this report agrees with the Shafer Firm and therefore recommends the court grant its motion and dismiss the Complaint with prejudice.

## I.   Statement of the Case

Hanks' Complaint, on behalf of herself and others similarly situated, is premised entirely on the text of a form collection letter sent by the Shafer Firm to collect a debt on behalf of Bon Secours - Mary Immaculate Hospital.  Compl. ¶¶ 25, 27-28, 30, 35 (ECF No. 1).  The Complaint names the Shafer Firm as Defendant and also identifies as defendants "John Does 1-25," which it describes as "fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery."  Compl. ¶ 10.  Bon Secours is not named as a defendant, and the Complaint does not illuminate how any of the John Does will be identified, or what role they may have played in the allegedly unlawful action.

Hanks alleges the Shafer Firm sent her an initial collection letter regarding the Bon Secours debt.  She attached a complete copy of the letter as Exhibit A to the Complaint.  The entire letter consists of two paragraphs, and a one-sentence request to "call our office to resolve the matter."  Because the letter is so brief and the challenged language must be reviewed in context of the entire letter, the text is set forth verbatim as follows:

> This office has been retained by BON SECOURS - Mary
> Immaculate to collect the balance owed of $1,571.36.
> The records of the creditor show that this debt is past
> due and is scheduled to be reported to the credit bureau
> in 30 days.  You are directed to address all future
> correspondence concerning this account to this address.
> At this time, no attorney with the firm has personally

reviewed the particular circumstances of your account. However, if you fail to contact this office our client may consider additional remedies to recover the balance due.

This is a communication from a debt collector.  It is an attempt to collect a debt.  Any information obtained will be used for that purpose.  Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request to this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Call our office to resolve this matter.

Compl., Ex. A (ECF No. 1).

Hanks claims the letter is both threatening and misleading due to the statement in the first paragraph that the debt "is scheduled to be reported to the credit bureau in 30 days."  She claims this language falsely implies that the Shafer Firm will report the debt to the credit bureau regardless of any action she takes to contest the validity of the debt.  Compl. ¶ 33.  As a result, she also claims this same language "overshadows" the validation notice contained in the second paragraph of the letter by implying that any request for validation would not affect the scheduled credit bureau report.  Compl. ¶¶ 30,35.

Hanks' Complaint alleges three counts, all apparently arising from the same text. She first argues the letter violates § 1692e(10) by making a false, deceptive, or misleading representation. She also argues the same text violates § 1692f by "unfairly threatening to report the debt to credit bureaus before the 30-day violation and dispute period provided to consumers under the FDCPA." Compl. ¶ 46. Finally, she argues the allegedly threatening language "overshadows" the notice required by § 1692g, rendering the notice invalid under the statute. Compl. ¶¶ 51-53.

The Shafer Firm argues the Complaint fails to plausibly allege any false or misleading statement in the letter. It observes that the Complaint itself fails to specifically articulate what portion of the letter it actually claims is false or misleading. While the Complaint implies the reference to the "scheduled" credit reporting could be construed as misleading, the Shafer Firm challenges the plausibility of that allegation given the plain language of the letter and the context of the challenged clause. It also argues the text does not overshadow the statutorily required validation notice, observing that the notice is on the face of the letter and that the mention of the scheduled credit reporting is merely a statement of ongoing collection activity, which is not prohibited by the FDCPA. Finally, the Shafer Firm argues that these same arguments undermine Plaintiff's claims of unfair collection methods under § 1692f.

4

## II. Analysis

"A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading fails to meet this standard and is subject to dismissal under Rule 12(b)(6) when it does not "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. Twombly, 550 U.S. at 555. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" do not state a claim. Iqbal, 556 U.S. at 678.

The court must accept the allegations of fact as true, but it is not required "to accept as true a legal conclusion couched as a factual allegation," Papasan v. Allain, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations, Iqbal, 556 U.S. at 678-79. After reviewing the allegations, the court must then consider whether they are sufficient to state a plausible claim for relief. This is "a context-specific task that requires

the reviewing court to draw on its judicial experience and common sense." Id. A Rule 12(b)(6) motion, then, should be granted if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

To state a claim under the FDCPA, Plaintiff must prove three elements:

1.  The plaintiff is a consumer within the meaning of the statute;

2.  The defendant collecting the debt is a debt collector within the meaning of the statute; and

3.  The defendant has violated by act or omission a provision of the FDCPA.

Creighton v. Emporia Credit Serv., 981 F. Supp. 411, 414 (E.D. Va. 1997). In this case, the Shafer Firm's motion implicitly concedes Plaintiff is a consumer within the meaning of the statute and the law firm is a debt collector. Its Motion to Dismiss is premised on its argument that Plaintiff's allegations are insufficient to plausibly allege any violation of the FDCPA.

The FDCPA prohibits "false, deceptive, or misleading representation or means in connection with the collection of a debt." 15 U.S.C. § 1692e. A separate provision of the statute

6

provides that debt collectors may not threaten any action they cannot legally take, or do not intend to take. Id., § 1692e(5). To determine whether collection materials violate these restrictions, courts in the Fourth Circuit apply the "least sophisticated consumer" standard. United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 138 (4th Cir. 1996). The standard recognizes the remedial nature of the statute and the abuses it was enacted to guard against, id. at 136, but it does not impose liability for "bizarre or idiosyncratic interpretations of collection notices," and it preserves "a quotient of reasonableness [presuming] a basic level of understanding and willingness to read with care, id. Applying this test to the language of a collection letter is a question of law for the court. See Russell v. Absolute Collection Servs., 763 F.3d 385, 395 (4th Cir. 2014)(assuming, in the absence of direct precedent, that application of the test is a question of law, but recognizing circuit split on the question). And the notice "must be examined as a whole, not sentence by sentence." Vitullo v. Mancini, 684 F. Supp. 2d 747, 756 (E.D. Va. 2010).

Though styled in three counts, all of Plaintiff's claims relate to the allegedly misleading statement that the Bon Secours' debt was "scheduled to be reported to the credit bureau within 30 days." Hanks claims this language is misleading because it implies that she would not have the right to dispute the debt guaranteed

7

by statute. She also claims the language "overshadows" the notice by "threatening to report the debt" to credit bureaus before the 30-day validation and dispute period expired, thus violating § 1692g of the FDCPA. Finally, she relies on the same language in the letter to allege a violation of § 1392(f), which prohibits "unfair or unconscionable means" to collect a debt. Read in context of the entire letter, however, the statement is not plausibly false or misleading on the basis alleged, nor does it overshadow the lengthy validation notice which makes up more than half the text of the entire letter.

A.   <u>The letter's statement that the creditor's records reflect "scheduled" credit reporting is not plausibly alleged to be false or misleading.</u>

Hanks' Complaint does not actually identify which portion of the collection letter she claims to be false or misleading. She does not deny the existence of the debt, or its past due status. Nor does she claim that the challenged statement – which refers to "the records of the creditor" – is literally false. In response to the Shafer Firm's Motion, she has instead argued that the statement of "scheduled" credit reporting was misleading because it "implies that the letter will be reported to the credit bureaus within 30 days regardless of any disputes or rights given to the consumer." Mem. Opp. Mot. to Dismiss at 9 (ECF No. 11). Thus, she claims, while not literally false, the statement is misleading

because it can be construed as a threat to violate her rights under the validation clause.

A statement may be false or misleading under the FDCPA when it can be read to have more than one meaning, one of which is inaccurate. Biber v. Pioneer Credit Recovery, Inc., 229 F. Supp. 3d 457, 472 (E.D. Va. 2017). In this case, however, the "misleading" interpretation Hanks urges is not based on the language of the letter, but on a misreading of the text and on an unsupported supposition that Hanks' rights under the validation notice would be ignored.

Reading the letter in its entirety, it invites an exchange with the debtor for purpose of resolving the debt. It neither demands payment nor threatens legal action. In fact, the cited sentence does not describe any action by the debt collector (the Shafer Firm), reciting only that "[t]he records of the creditor [Bon Secours] show that this debt is past due and is scheduled to be reported to credit bureau in 30 days." But the letter is from the law firm not the creditor, and candidly states that no attorney has yet evaluated "the particular circumstances of your account." The only express statement in the letter describing further action by the law firm is the benign statement that failing to contact the office may lead the firm's client to "consider additional remedies to recover the balance due." This statement regarding the law firm's involvement follows in the same paragraph the

challenged sentence describing the creditor's records, which reflect "scheduled" credit reporting. Thus, even if Hanks' characterization of the credit reporting line were plausible, it still would not be actionable because nothing about the statement would "frustrate a consumer's ability to intelligently choose his or her response." Powell v. Palisades Acquisition XVI, LLC, 782 F.3d 119, 126 (4th Cir. 2014). Only material misstatements, those that "could objectively affect the least sophisticated consumer's decision making" are actionable. Id. But in this case, reading the letter as a whole, there is nothing false or misleading about the clause Hanks relies on, and the allegations she does make would not be material in any event given the clarity of the correspondence as a whole.

B.   The validation notice is not overshadowed by any conflicting language elsewhere in the letter.

For the same reasons already discussed, the letter's mention of the creditor's "scheduled" credit report does not overshadow the required validation notice from the debt collector. Overshadowing may arise in either the manner of presentation or by contradictory language. Turner v. Shenandoah Legal Grp., No. 3:06cv45, 2006 WL 1685698, at *6 (E.D. Va. June 12, 2006); Morgan v. Credit Adjustment Bd., Inc., 799 F. Supp. 803, 807 (E.D. Va. 1998). Overshadowing by presentation involves differences in the typeface, font, location, or design of the notice, intended to

limit or diminish its effectiveness. Turner, 2006 WL 1685698, at *6. Contradiction occurs when other language accompanying the notice is inconsistent with the rights and duties imposed by the FDCPA. Morgan, 299 F. Supp. at 807. In this case, Hanks does not challenge any aspect of the validation clause's manner of presentation. Indeed, the text appears in identical typeface and font, in the body of the letter which contains no bold-face, underlining, or other attention-getting elements to confuse the reader. Hanks argues nonetheless that the "threat" to report the debt to credit bureaus within 30 days is inconsistent with the validation notice requirement of a 30-day period to dispute the debt. According to the Complaint, this overshadows the validation notice and violates the terms of § 1692g.

Indeed, had the letter contained an actual threat, such language can overshadow an otherwise valid violation notice. E.g. Morgan, 199 F. Supp. at 807 (finding overshadowing by language demanding consumer contact the office not later than seven days of the date of the letter, and stating "to stop further action, pay your account in full"). By contrast, simple offers of settlement, even those with effective dates within the 30-day validation window, do not generally overshadow an otherwise proper notice. Roman v. RGS Financial, Inc., No. 2:17cr4917, 2019 WL 4247551, at *10 (E.D.N.Y. Sept. 6, 2019) (collecting cases). And in this case, the mere passive-voice mention describing the creditor's

11

"scheduled" credit reporting does not overshadow the clearly written (and otherwise unchallenged) validation notice. In fact, the text of the validation notice makes up more than half the text of the letter. The balance of the correspondence is directed to clarifying the law firm's de minimis involvement with the claim and inviting clarification without demanding anything. Even the least sophisticated consumer would not be confused or misled by the content of this letter. In fact, a debtor seeking to enforce their validation rights under the Act would likely follow the instructions plainly provided by contacting the Shafer Firm through the provided email, telephone or mailing address. And the methods of disputing the debt or seeking validation under the terms of the FDCPA are clearly explained. The fact that the letter also mentions the record of scheduled activity by the original creditor does not, as Plaintiff argues, suggest that the Shafer Firm would ignore a timely request for validation and report even a disputed obligation.

Finally, because Hanks' allegations of "unfair or unconscionable means to collect" the debt under 15 U.S.C. § 1692f, are based on the same alleged defects, this count also fails to state a claim for relief. See Biber, 229 F. Supp. 3d at 474 (dismissing count under § 1692f where plaintiff "does not allege any conduct . . . separate from the conduct that forms the basis

of the § 1692e claims" (quoting <u>Lembach v. Bierman</u>, 528 F. App'x 297, 304 (4th Cir. 2013))).

## III. <u>Conclusion and Recommendation</u>

For the foregoing reasons, the undersigned recommends that the court GRANT Defendant's Motion to Dismiss (ECF No. 8) and DISMISS the Complaint with prejudice.

## IV. <u>Review Procedure</u>

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.   Any party may serve upon the other party and file with the clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of service of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6 (a) of the Federal Rules of Civil Procedure.  Rule 6(d) of the Federal Rules of Civil Procedure permits an additional three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.  <u>See</u> Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.   A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

_____
DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

November 14, 2019